```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

OLGA KRYLIOUK,

      Plaintiff,

v.                          Case No: 2:22-cv-171-JES-MRM

GIORGIO ANANIA, CEO -
Aledia Inc. and ALEDIA,
INC.,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Giorgio Anania's Motion to Dismiss (Doc. #10) filed on June 7, 2022. Plaintiff filed a Response in Opposition to Motion (Doc. #18) on June 10, 2022. Defendant Aledia Inc. filed an Answer to Complaint (Doc. #9) on June 7, 2022.

Plaintiff Kryliouk Olga worked at Aledia as a Chief Scientist from November 2014 through February 2021. Plaintiff filed suit against Giorgio Anania, the CEO of Aledia Inc., and Aledia, a French company and plaintiff's employer. Plaintiff alleges discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act of 1990 (ADA). Plaintiff alleges termination and retaliation based on national origin (Ukraine) and age (born in 1955). Plaintiff was issued a Notice of Suit Rights (Doc. #1-1).

In her form Complaint (Doc. #1), plaintiff alleges that her contract was terminated to remove her as the sole and true inventor of technology that contributed to Aledia and which is the foundation for the entire business strategy. Plaintiff further alleges that she uncovered wrongdoing and was denied access, excluded from meetings, and her patent application was placed on hold, denied, or modified beyond her original ideas under the direction of CTO Philippe Gilet and with CEO Anania's knowledge. Plaintiff alleges that Anania ignored scientific concerns and "actively participating destroying me as a Chief Scientist in order to cover up his fraudulent activities as Aledia's CEO."

## I.

In deciding a Rule 12(b)(2) motion to dismiss based on a lack of personal jurisdiction, plaintiff bears the burden of establishing a prima facie case of jurisdiction over the non-resident defendant. Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. The district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, "the

2

burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002) (citation omitted).

"The exercise of personal jurisdiction comports with due process if the non-resident defendant has established 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1220 (11th Cir. 2009) (citations omitted).

> "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009).
>
> A defendant can be subject to personal jurisdiction under the Florida long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that

3

> Florida courts may exercise *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in "substantial and not isolated activity" in Florida, id. § 48.193(2).

Schulman v. Inst. for Shipboard Educ., 624 F. App'x 1002, 1004–05 (11th Cir. 2015).

### A. Florida's Long-Arm Statute

There are no specific allegations of personal jurisdiction in the *pro se* Complaint and defendant has submitted a declaration asserting a lack of personal jurisdiction. The Declaration of Giorgio Anania (Doc. #10-1) provides that he has lived and worked in France since 2007, his true, fixed, and permanent home and principal establishment. Mr. Anania was physically in Florida only once in the last 10 years in December 2016, when he travelled for work to meet a potential business partner. Defendant has never owned or rented property in Florida, maintained a bank account in Florida, paid taxes in Florida, or engaged in any other meaningful contact with Florida.

Aledia Inc. is a Delaware corporation that is wholly owned by Aledia SAS, a French simplified stock company. Aledia and Aledia SAS are separate corporate entities and neither has a worksite or location in the United States. The company hired plaintiff in California, where Aledia is registered to conduct business and where plaintiff was residing at the time. Mr. Anania was unaware

4

that plaintiff had moved to Florida at her time of relocation. Plaintiff was Aledia's sole employee until December 2019. Since then, Aledia hired two more employees, with one working in California and the other in Nevada. Aledia does not conduct or solicit business in Florida, and it has no offices, property, investors, customers, revenues, or employees in Florida. Plaintiff was terminated by letter sent to her email address.

### (1)  General Jurisdiction

General jurisdiction may be determined if the defendant "engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).

> This standard has been interpreted by Florida courts to require a "showing of 'continuous and systematic general business contacts' with the forum state." Carib-USA [Ship Lines Bahamas Ltd. v. Dorsett, 935 So. 2d 1272, 1275 (Fla. 4th DCA 2006)] (quoting Helicopteros [Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S. Ct. 1868 (1984)]; Seabra [v. Int'l Specialty Imports, Inc., 869 So. 2d 732, 734 (Fla. 4th DCA 2004)]. "The continuous and systematic general business contacts sufficient to confer general jurisdiction present a *much higher threshold* than those contacts necessary to support specific jurisdiction under section 48.193(1)." Trs. of Columbia Univ. v. Ocean World, S.A., 12 So. 3d 788, 792 (Fla. 4th DCA 2009) (emphasis added) (citation and internal quotation marks omitted). This is because "jurisdiction under

5

> section 48.193(2) does not require that a lawsuit's cause of action arise from activity within Florida, or that there be any connection between the claim and the defendant's Florida activities." Id.

Caiazzo v. Am. Royal Arts Corp., 73 So. 3d 245, 258-59 (Fla. 4th DCA 2011). Plaintiff was hired while she was residing in California. Defendant travelled to Florida only once in the last decade. Contact was otherwise through electronic mail and not for the purpose of conducting or soliciting business in the State of Florida or recruiting customers. The Court finds that plaintiff has not established the presence of 'continuous and systematic general business contacts' within the State.

### (2) Specific Jurisdiction

Specific jurisdiction over a non-resident may be found based on specific acts committed within the State of Florida such as carrying on business, owning property, causing injury to persons or property, or engaging in solicitation as long as the cause of action arises from the act committed in Florida. Fla. Stat. § 48.193(1)(a). Specific jurisdiction requires two allegations. "These dual requirements—that the defendant's conduct occur in Florida and that the plaintiff's cause of action arises from such Florida activity—are known as the statute's connexity requirement." Banco de los Trabajadores v. Cortez Moreno, 237 So. 3d 1127, 1135 (Fla. 3d DCA 2018). So, a defendant:

6

> must take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). The contacts must be the defendant's own choice and not "random, isolated, or fortuitous." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984). They must show that the defendant deliberately "reached out beyond" its home—by, for example, "exploi[ting] a market" in the forum State or entering a contractual relationship centered there.

Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024-25 (2021).

Plaintiff worked for and communicated by email with the employer, and she was ultimately terminated by an email, but defendant's conduct occurred from France on behalf of the company in an official capacity and did not arise in Florida.  Further, plaintiff's location in Florida was not specific to the employment and defendant was not enjoying any benefits or protections from Florida's laws.  The Court concludes that plaintiff has not shown sufficient facts to establish specific personal jurisdiction in Florida.

**B. Due Process**

Whether personal jurisdiction comports with due process is a two-step process: First, the Court decides whether "minimum contacts" with Florida have been established. Second, the Court decides whether the exercise of personal jurisdiction over a

7

defendant would offend "traditional notions of fair play and substantial justice." Madara v. Hall, 916 F.2d 1510, 1516 (11th Cir. 1990).

### (a) Minimum Contacts

Due process requires 'fair warning' of a particular activity that may subject a defendant to jurisdiction in a foreign State. "This fair warning requirement is satisfied if the defendant has "purposefully directed" his activities at the forum, [ ], and the litigation results from alleged injuries that "arise out of or relate to" those activities." Madara, 916 F.2d at 1516 (internal citations omitted). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, [ ] or of the "unilateral activity of another party or a third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal citations omitted).

It must be clear that defendant could reasonably "anticipate being haled into court [in the State of Florida]." Madara, 916 F.2d at 1516. "Jurisdiction is proper where the defendant's contacts with the forum proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum state." Id.

> Although territorial presence frequently will
> enhance a potential defendant's affiliation
> with a State and reinforce the reasonable

8

> foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

Burger King Corp., 471 U.S. at 476 (citations omitted). As noted above, plaintiff was hired in California and defendant did not know of the move to Florida until a year after it occurred. Clearly, defendant had no contacts with Florida, he was not served with process in the State, and had no reasonable expectation of being haled into court. The minimum contacts requirement has not been satisfied.

### (b)  Fair Paly and Substantial Justice

If minimum contacts are established, the Court must consider other factors to ensure that personal jurisdiction "does not offend 'traditional notions of 'fair play and substantial justice.'" Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (citations omitted).

> Thus courts in "appropriate case[s]" may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of

> controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. [286, 292, 100 S. Ct. 559, 564 (1980)].

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–77 (1985). The Court need not address this prong as the Court finds no specific jurisdiction and no minimum contacts with the forum state by the CEO.

## II.

Defendant also argues that the Complaint fails to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise

to an entitlement to relief." Iqbal, 556 U.S. at 679. A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

Setting aside the absence of factual allegations specific to Mr. Anania referencing plaintiff's age or national origin, an individual employee is generally not liable under Title VII. "Relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act. The alter ego doctrine does not create an exception to the rule against individual employee liability in Title VII cases." Udoinyion v. The Guardian Sec., 440 F. App'x 731, 734 (11th Cir. 2011) (quoting Dearth v. Collins, 441 F.3d 931, 933-934 (11th Cir.2006)). The fact that the employee signed both the offer and termination letters of employment (Doc. #18, p. 2) is not determinative.

As with Title VII, individuals are not considered the employer and therefore an individual "cannot be held liable under the ADEA." Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995). Also, under the ADEA, "[t]he term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the

current or preceding calendar year." 29 U.S.C. § 630(b). At the time of her employment, plaintiff was the only employee and Mr. Anania was the CEO of the employer, not the employer. The motion to dismiss for failure to state a claim under Title VII and the ADEA as to Anania will be granted.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss (Doc. #10) is **GRANTED** and Giorgio Anania is **dismissed without prejudice**. The Clerk shall terminate this defendant on the docket.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of June 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record